Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Suite 107
Anchorage, AK  99501
(907)279-3557
(907)279-3558 fax
steve@stevenmwellslaw.com

Attorney for Defendant Michael Taba

# United States District Court
## Northern District of Texas
### Dallas Division

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Jamshid Noryian,<br>  A.K.A. James Noryian, et. al.,<br><br>Defendants. | Case No. 17-cr-155-L<br><br><br>Omnibus Motions *In Limine* |
| This pleading pertains to<br><br>  Michael Taba, [D-07] | |

Dr. Michael Taba, accused, hereby files the following motions in limine in advance of trial.

1. **PRECLUDE TESTIMONY REGARDING A PHYSICIAN'S "STANDARD OF CARE" AS A SUBSTITUTE FOR *MENS REA***

Dr. Taba has been charged with health care fraud in violation of 18 U.S.C. §1347 and 1349.. He is not facing a civil malpractice case. The difference is legally significant. In a civil malpractice case, a defendant's conduct is compared to a "standard of care." The plaintiff bears the burden of establishing the appropriate standard of care and then demonstrating that the defendant's actions were below the standard of care.[1] To establish the standard of care, the plaintiff must present expert testimony regarding the standard of care for the particular community in which the alleged malpractice occurred.[2]

Such testimony is completely inappropriate for a criminal case because in a criminal case, the issue is not how a defendant's conduct compared to other professionals but the defendant's *mens rea*. 18 U.S.C. § 1347 (a) spells that out quite clearly. To be convicted, a defendant must "knowingly and willfully execute … a scheme or artifice …." Knowingly has a very specific meaning. It means that the action was intentional and voluntary, not the result of a mistake or accident.[3] "Willfully" goes even further. "Willfully" means that the defendant had the specific intent to break the law, that is, to defraud a health care benefit

---

[1] *Hannah v. U.S.,* 523 U.S. 597 (5th Cir. 2008)
[2] *Quijano v. U.S.*, 325 F.3d 564, 567-68 (5th Cir. 2003).
[3] *U.S. v. Aggrawal*, 17 F.3d 737, 744 (5th Cir. 1994).

program.[4] Applied to this case, then, to convict Dr. Taba the government must show that Dr. Taba not only intentionally issued orders for compounding creams but that he did so to defraud a health care benefit program.

The Supreme Court used similar reasoning last year in *Ruan v. U.S.*[5] *Ruan* specifically addressed prosecutions of physicians and other medical care professionals under 21 U.S.C. §841, a statute that just has a "knowingly and intentionally" *mens rea*, which is lower than the "willfully" *mens rea* of 18 U.S.C. 1347.

The government had argued against the Court's ultimate holding. In its pre-trial briefs, the government argued that a defendant could be convicted once the government proved "'that [the defendant] did not even make an objectively reasonable attempt to ascertain and act within the bounds of professional medicine."[6]

The Court, though, rejected that argument because it found that allowing the government to convict in such a case would allow the government to convict someone without the requisite guilty mind. It would, in essence, punish civil malpractice with criminal penalties.

In the same way, allowing the government to introduce evidence about the standard of care as the basis for liability invites the jury to convict Dr. Taba upon any variance from the standard of care irrespective of his mindset. *Ruan* was clear that it was the defendant

---

[4] *U.S. v. Mahmood*, 820 F.3d 177 (5th Cir. 2016).
[5] 142 S.Ct. 2370 (2022).
[6] *Id.* at 2381.

physician's <u>subjective</u> state of mine that was at issue, not objective criteria for the practice of medicine.

That holding is likewise a necessary consequence of the statutory *mens rea* requirements. By specifying the *mens rea* in 18 U.S.C. § 1347, Congress made it a crime for a person to act intending to defraud a health care benefit program, not to violate the standard of care.

This court should prohibit the government from introducing evidence about the standard of care as a stepping stone or as a substitute for the *mens rea* the government must actually prove in this matter.[7]

2. OBJECTION TO THE GOVERNMENT RELYING UPON CLAIMS DATA TO SUBSTITUTE FOR ACTUAL PRESCRIPTIONS

The government has indicated that it will rely upon claims data for a large portion of the orders for the topical compounding creams that are the subject of the charges in the indictment. Dr. Taba anticipates that the claims data will be presented through charts and summations of prescriptions and orders that he allegedly filed.

---

[7] This motion in limine merely addresses potential evidence and does not address the government's expert. While 702 witness statements have not yet been made available, the government did provide notice on August 14, 2023, that it would be calling a new witness under FRE 702. Dr. Taba reserves the right to challenge that witness on any applicable constitutional or evidentiary basis once he has reviewed the witness' 702 statement.

F.R.E. 1006 allows a party to introduce a summary chart of evidence at trial. But it is well-established that the government cannot use a summary chart "to assume that which it was required to prove beyond a reasonable doubt as operative facts of the alleged offense."[8] It can likely go without saying but the law also requires that any chart must "accurately reflect the underlying records or testimony."[9]

Dr. Taba objects to the introduction of any summary chart prior to the government establishing that the summary was based upon Dr. Taba's orders or prescriptions Specifically, it would mislead the jury to hear evidence regarding large number of prescriptions without testimony from each patient regarding their special medical condition that required the topical compounding cream.

Furthermore, as specified in greater detail in Dr. Taba's objections to proposed government exhibits, the charts in question over-state the number of orders and prescriptions issued by Dr. Taba. An order for a topical compounding cream necessarily involves more than one substance. Hence the name "compounding." The government's exhibit is based in part upon each separate ingredient being a separate order. Dr. Taba objects to the government from introducing evidence that inflates the number of orders and prescriptions he actually issued by artificially counting each component as a separate prescription or order when they were instead the result of only one compound or prescription.

---

[8] *United States v. Hart*, 295 F.3d 451, 459 (5th Cir. 2002)(citations omitted).
[9] *U.S. v. Taylor*, 210 F.3d 311, 315-316 (5th Cir. 2000).

Case 3:17-cr-00155-L   Document 598   Filed 08/21/23   Page 6 of 9   PageID 3632

F.R.E. 1006 allows the court to order the proponent party to produce the documents in court. Dr. Taba would object to the government from producing a chart or summation unless the documents have been provided to him prior to trial or produced in court.[10]

3. PRECLUDE SPECULATION BY GOVERNMENT WITNESSES

Dr. Taba anticipates that the government will call several witnesses to testify about the allegations in Count 1 – conspiracy to commit health care fraud. Some of those witnesses, such as Kevin Williams, have no personal knowledge about Dr. Taba and his medical practice, including how and why Dr. Taba would write prescriptions for controlled substances or orders for compounding creams.

Witnesses are prohibited from speculating.[11] It is inadmissible for a witness to testify about what they "presume" or "believe" about Dr. Taba. This court should ensure that any government witness testifies based upon their own personal knowledge.

4. EXCLUDE EVIDENCE OF ADVERSE ADMINISTRATIVE ACTIONS

Dr. Taba moves to exclude evidence from any and all administrative actions taken against him based upon the mere allegations of this indictment. As one example, Dr. Taba's

---

[10] This motion in limine dove-tails with his Objections to the Government's Proposed Exhibits, filed contemporaneously.
[11] F.R.E. 602.

United States v. Taba
Case No. 17-CR-155-L
Motions in Limine
Page 6 of 9

provider agreement with the U.S. Department of Labor was terminated as a result of this indictment.

Dr. Taba was not afforded any due process. Specifically, despite his request for an administrative hearing, the Department of Labor never offered him a hearing. Rather, the simple fact of an indictment against him was sufficient to terminate his provider agreement.

Introducing evidence of an administrative decision in these circumstances is irrelevant and unduly prejudicial to Dr. Taba. It has the potential to confuse issues and mislead the jury. It further wastes time because the administrative decision does not make a material fact more or less likely in this matter but would force Dr. Taba to present evidence to explain or rebut such testimony. As a result, F.R.E. 403 prohibits its introduction.

Dr. Taba moves to exclude any and all such administrative actions to the extent the government intends to introduce and/or rely upon them in its case-in-chief.

5.  EXCLUDE EVIDENCE OF CRIMINAL CONVICTIONS

One of Dr. Taba's potential witnesses is John Castellano, a licensed medical assistant who worked at his office. Upon information and belief, Mr. Castellano was convicted decades years ago in California for a regulatory offense. Dr. Taba does not know if the

conviction was a misdemeanor or a felony. The offense was certainly insufficient to bar him from getting his license to work as a medical assistant.

Because it is more than ten years old, Dr. Taba would object to any evidence of that conviction unless and until the government provides written notice under F.R.E. 609(b)(2) and this court determines that its probative value "substantially" outweighs its prejudicial effect.

DATED this 21st day of August, 2023, at Dallas, Texas.

Steven M. Wells, PC
Attorneys for Defendant

By: /s/ Steven M. Wells        .
Steven M. Wells
431 W. 7th Ave., Suite 107
Anchorage, AK 99501
(907)279-3557 (t)
(907)279-3558 (f)
ABA #0010066
*Pro hac vice*

Erin Brennan
Attorney at Law

By: /s/ Erin Brennan        .
TX Bar No.: 24129239

CERTIFICATE OF CONSULTATION

I certify that on August 21, 2023, I forwarded a copy of the foregoing to all counsel of record in this matter regarding this motion. Counsel for Christopher Rydberg did not oppose. I have not heard from counsel from any other party regarding their position to this motion.

By: /s/ Steven M. Wells .
Steven M. Wells

CERTIFICATE OF SERVICE

I certify that on August 21, 2023,
I served a copy of the Omnibus
Motions *in Limine* Through ECF on:

All parties of record

/s/ Steven M. Wells .
Steven M. Wells, PC